*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARCUS LAMOND POWELL,

        Defendant-Appellant.

UNPUBLISHED
February 4, 2020

No. 345559
Ottawa Circuit Court
LC No. 17-041204-FH

Before: MARKEY, P.J., and GLEICHER and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals by right his bench trial conviction of possession with intent to deliver more than 50 grams but less than 450 grams of cocaine, MCL 333.7401(2)(a)(*iii*). He was sentenced to 3 to 20 years' imprisonment. The sole issue on appeal concerns whether evidence discovered as the result of the execution of a search warrant at a residence should have been suppressed because of defects in the underlying affidavit submitted to the district court in support of the warrant application. The circuit court found that the affidavit failed to show probable cause and that the search warrant should not have been issued. The court, however, concluded that the good-faith exception to the exclusionary rule under *United States v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), applied to preclude suppression of the evidence. We agree that the good-faith exception was applicable. Accordingly, we affirm.

The police suspected that defendant was selling cocaine from an apartment in Zeeland. The investigating officer submitted his affidavit to the district court in support of a search warrant application concerning the residence and defendant. The affidavit provided, in relevant part, as follows:

> Your Affiant is currently investigating the delivery of cocaine involving Marcus Lamond Powell DOB; 07/26/1987.
>
> Your Affiant has located several reports from Zeeland Police Department involving Marcus Lamond Powell at 341 State Street #30. Report numbers

00002479-14 and 00001209-14 from the Zeeland Police Department are both involving Marcus Lamond Powell and the possible narcotic activity from 341 State Street #30.

Your Affiant received an anonymous tip on 12/13/201[6] that Marcus Lamond Powell was selling narcotics out of 341 State Street #30, Zeeland, MI 49464.

On 01/12/2017, WE-2441 purchased .96 grams of cocaine from Marcus Lamond Powell at his residence of 341 State Street #30 Zeeland, MI 49464.

On 01/16/2017, WE-2441 purchased 1.34 grams of cocaine from Marcus Lamond Powell at his residence of 341 State Street #30 Zeeland, MI 49464.

The criminal history for Marcus Lamond Powell; DOB 07/26/1987 includes but is not limited to:

> 2008, Felony, Delivery/Manufacture Marijuana, Pled Guilty
> 2009, Misdemeanor, Controlled Substance 2nd Offense, Pled Guilty
> 2009, Felony, Deliver/Manufacture Marijuana, Pled Guilty
> 2009, Felony, Delivery/Manufacture Marijuana 2nd Offense, Pled Guilty

Your Affiant was able to confirm that Marcus Lamond Powell resides at 341 State St #30 Zeeland, MI, through several Ottawa county and Zeeland City police reports that have him at the residence over a several month period. Your Affiant has also received information from several other informants that Marcus Lamond Powell resides at this residence.

The district court approved the search warrant, and the warrant was executed, resulting in the recovery of 54.61 grams of cocaine, marijuana, drug paraphernalia, and $2,612 in cash. Defendant admitted that he was selling cocaine for $100 a gram.

Defendant moved to suppress the seized evidence in the circuit court. He contended that the officer's affidavit in support of the warrant request lacked any indicia of probable cause and that any belief that the warrant was valid was unreasonable, thereby precluding application of the good-faith exception to the exclusionary rule. Defendant maintained that there were no averments concerning the credibility or reliability of the unnamed tipster and confidential informant who purchased the cocaine or whether the affiant had any personal knowledge relative to the two purchases. Defendant also raised an argument concerning the accuracy of the affidavit with respect to whether defendant actually lived or resided at the address that was searched and whether the affiant officer intentionally withheld information of another address for defendant. The prosecutor argued that the affidavit supported a finding of probable cause. But in the alternative, the

prosecution maintained that the good-faith exception to the exclusionary rule would apply and thus suppression of the evidence was not warranted.

At the suppression hearing, the affiant officer testified about the two controlled purchases of cocaine from defendant that occurred on January 12 and 16, 2017. The officer asserted that "we were surveilling him the entire time." With respect to the first buy, the officer testified that he was "personally present" for "all of that." In regard to the second purchase, the affiant officer testified, "I, again, was present during the entire situation." Unfortunately, the officer did not include this information in his affidavit in support of the warrant application. There was no testimony countering the officer's assertions.

The circuit court determined that the search warrant should never have been issued because the supporting affidavit "absolutely" lacked a showing of probable cause. But the circuit court, while calling it a "close case," ruled that the good-faith exception to the exclusionary rule applied. Therefore, the court denied the motion to suppress the evidence. And at the subsequent bench trial, the circuit court found defendant guilty of possession with intent to deliver more than 50 grams but less than 450 grams of cocaine. This appeal ensued.

On appeal, defendant argues that the circuit court erred by denying the motion to suppress the evidence because the search warrant was issued without a showing of probable cause and because the good-faith exception was inapplicable considering that the affidavit was so lacking in probable cause that no reasonable officer would have in good faith relied upon it to conduct the search.

A trial court's factual findings at a suppression hearing are reviewed for clear error. *People v Williams*, 472 Mich 308, 313; 696 NW2d 636 (2005). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Hornsby*, 251 Mich App 462, 466; 650 NW2d 700 (2002). "But the application of constitutional standards regarding searches and seizures to essentially uncontested facts is entitled to less deference; for this reason, we review de novo the trial court's ultimate ruling on the motion to suppress." *Williams*, 472 Mich at 313.

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const, Am IV.[1] At the very heart of the Fourth Amendment is the right of a person to retreat into his or her own home and there be free from unreasonable intrusions by the government. *Payton v New York*, 445 US 573, 589-590; 100 S Ct 1371; 63 L Ed 2d 639 (1980). "In general, a search or seizure within a home or its curtilage

---

[1] "The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation." Const 1963, art 1, § 11.

without a warrant is per se an unreasonable search under the Fourth Amendment." *People v Frederick*, 500 Mich 228, 234; 895 NW2d 541 (2017).

"A magistrate shall only issue a search warrant when he or she finds that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *People v Franklin*, 500 Mich 92, 101; 894 NW2d 561 (2017). "Generally, in order for a search executed pursuant to a warrant to be valid, the warrant must be based on probable cause." *People v Hellstrom*, 264 Mich App 187, 192; 690 NW2d 293 (2004). "Probable cause sufficient to support issuing a search warrant exists when all the facts and circumstances would lead a reasonable person to believe that the evidence of a crime or the contraband sought is in the place requested to be searched." *People v Ulman*, 244 Mich App 500, 509; 625 NW2d 429 (2001) (quotation marks omitted). "When probable cause is averred in an affidavit, the affidavit must contain facts within the knowledge of the affiant rather than mere conclusions or beliefs." *Id.* The affidavit in support of a warrant request must be read in a common-sense and realistic manner. *People v Russo*, 439 Mich 584, 603; 487 NW2d 698 (1992). MCL 780.653 provides:

> The judge or district court magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him or her. The affidavit may be based upon information supplied to the complainant by a named or unnamed person if the affidavit contains 1 of the following:
>
> * * *
>
> (b) If the person is unnamed, affirmative allegations from which the judge or district magistrate may conclude that the person spoke with personal knowledge of the information and either that the unnamed person is credible or that the information is reliable.

Here, the circuit court found that the officer's affidavit did not establish probable cause to issue the search warrant. That determination has not been challenged by the prosecution; consequently, it stands. We thus turn to the good-faith exception to the exclusionary rule. In *People v Goldston*, 470 Mich 523, 525-526; 682 NW2d 479 (2004), our Supreme Court held:

> In this case, we must determine whether to recognize a "good-faith" exception to the exclusionary rule. In *United States v Leon*, 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), the United States Supreme Court interpreted US Const, Am IV and adopted a good-faith exception to the exclusionary rule as a remedy for unreasonable searches and seizures. Under *Leon*, the exclusionary rule does not bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant ultimately found to have been defective. The exclusionary rule in Michigan is a judicially created remedy that is not based on the text of our constitutional search and seizure provision, Const 1963, art 1, § 11. Indeed, records of the 1961 Constitutional Convention evidence an intent on behalf of the people of Michigan to retreat from the judge-made exclusionary rule consistent with the United States Supreme Court's interpretation of the Fourth Amendment in *Leon*. We therefore adopt the good-faith exception to the exclusionary rule in Michigan. The purpose of the exclusionary rule is to deter police misconduct. That purpose

would not be furthered by excluding evidence that the police recovered in objective, good-faith reliance on a search warrant.

In *People v Czuprynski*, 325 Mich App 449, 472; 926 NW2d 282 (2018), this Court discussed the circumstances in which the good-faith exception does not apply, stating:

> Reliance on a warrant is reasonable even if the warrant is later invalidated for lack of probable cause, except under three circumstances: (1) if the issuing magistrate or judge is misled by information in the affidavit that the affiant either knew was false or would have known was false except for his or her reckless disregard of the truth; (2) if the issuing judge or magistrate wholly abandons his or her judicial role; or (3) if an officer relies on a warrant based on a "bare bones" affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable.

The third situation—where an officer relied on a warrant based on an affidavit so lacking in indicia of probable cause that the officer's reliance upon it was entirely unreasonable—serves as the basis of defendant's argument in this case.

A search pursuant to a warrant rarely requires deep inquiry into reasonableness because a warrant issued by a magistrate normally suffices to establish that a police officer acted in good faith in executing a search. *Leon*, 468 US at 922. That said, an "officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable[.]" *Id.*

In this case, we have facts establishing a poorly drafted affidavit, not a search warrant procured in bad faith. As established at the evidentiary hearing on the motion to suppress, although the affiant officer submitted the affidavit knowing that he had personally observed the controlled purchases of cocaine, he failed to clearly articulate that point in the affidavit. The officer plainly would not have viewed his affidavit as so lacking in indicia of probable cause that his belief in the existence of probable cause was rendered unreasonable. The officer had personal knowledge regarding the controlled buys, and he personally knew that the unnamed purchaser was credible and that the information was reliable because the officer surveilled the transactions. See MCL 780.653.

In *United States v Williams*, 181 F Supp 2d 267, 276-277 (SD NY, 2001), the federal court addressed a somewhat similar situation, ruling as follows:

> Given the availability of the good faith exception, the November 1, 2001 hearing provided Det. Tallant with an opportunity to fill in many of the gaps that led us to conclude that the warrant was facially defective. . . . Det. Tallant was entirely credible throughout his testimony, and no other witnesses were called. Once the Court received an accurate picture of what Det. Tallant knew when he swore to the Tallant affidavit and searched the Rippey Street apartments, we were convinced that, had Det. Tallant included in the affidavit all the information he actually knew at the time, we would have found that the ensuing warrant was, in

fact, supported by probable cause. In short, we find that while the affidavit was poorly drafted, the ensuing search was conducted in good faith.

Moreover, in *People v Frazier*, 478 Mich 231, 250; 733 NW2d 713 (2007), our Supreme Court, quoting the United States Supreme Court in *Michigan v Tucker*, 417 US 433, 447; 94 S Ct 2357; 41 L Ed 2d 182 (1974), stated:

> "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in willful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force."

"This Court has previously opined that application of the exclusionary rule is inappropriate in the absence of governmental misconduct." *Frazier*, 478 Mich at 250. Here, there was no governmental misconduct, and no purpose would be served by suppressing the evidence. Defendant was not deprived of any rights. Reversal is unwarranted.[2]

We do find it necessary to respond to our concurring colleague. The concurrence argues that we are improperly engaging in a subjective analysis focused on the officer's personal knowledge instead of employing the required objective analysis. We conclude that the concurrence does not consider our analysis in the proper context. Moreover, we believe that the analysis by the concurrence with respect to invoking the good-faith exception to the exclusionary rule is somewhat problematic.

As noted earlier, when a search warrant is supported by an affidavit, the affidavit must contain facts that are within the knowledge of the affiant and not mere beliefs and conclusions, and personal knowledge can be inferred from the surrounding facts. *People v James*, __ Mich App __, __; __ NW2d __ (2019); slip op at 6; *People v Martin*, 271 Mich App 280, 298; 721 NW2d 815 (2006); *Ulman*, 244 Mich App at 509. Our discussion of the officer's personal knowledge is for the simple and straightforward purpose to show that had the officer included in his affidavit all of the facts within his personal knowledge, as gleaned by his uncontradicted testimony at the suppression hearing, the affidavit undoubtedly would have established probable cause on objective examination. Because of those circumstances, it is clear that the officer, while omitting other facts of which he was aware in the drafting of his affidavit, was acting in good faith. Although not binding precedent, the facts and the analysis of the good-faith exception in *Williams*, 181 F Supp 2d 267, are directly on point.

---

[2] To the extent that defendant renews his argument about his correct address, we find the issue to be a red herring because the affidavit showed the address where defendant was selling cocaine and there was no need to establish that the address was defendant's actual residence or home.

The subjective-objective dichotomy discussed by the concurrence has no relevance to our particular discussion of the officer's personal knowledge of facts supportive of an affidavit. We respectfully disagree with the concurrence's contention that we have offended the principles set forth in *Leon*. In *Leon*, 468 US at 923 n 23, the United States Supreme Court stated:

> [W]e . . . eschew inquiries into the subjective beliefs of law enforcement officers who seize evidence pursuant to a subsequently invalidated warrant. Although we have suggested that, on occasion, the motive with which the officer conducts an illegal search may have some relevance in determining the propriety of applying the exclusionary rule, we believe that sending state and federal courts on an expedition into the minds of police officers would produce a grave and fruitless misallocation of judicial resources. Accordingly, our good-faith inquiry is confined to the objectively ascertainable question whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization. In making this determination, all of the circumstances—including whether the warrant application had previously been rejected by a different magistrate—may be considered. [Quotation marks and citations omitted.]

Our discussion of the officer's personal knowledge pertained to his knowledge of *facts* that could and should have been included in his affidavit and had nothing to do with the officer's *subjective beliefs and motives*. A reasonably well-trained officer would not have known or concluded that the search was illegal on the basis of the facts that the officer here had in his possession when his affidavit was presented to the district court.

The concurrence finds that the good-faith exception applies because the "affidavit contained unsubstantiated allegations that defendant lived at the home for which the warrant was sought, and that two controlled buys occurred there." The concurrence then states that it "cannot conclude that a reasonably trained officer would have believed the averments so deficient as to render unreasonable a belief that probable cause existed for the search."

The affidavit at issue referred to an anonymous tip and buys by a confidential informant, absent any affirmative allegations from which the district court could conclude that these unnamed persons were credible or that the information was reliable. Thus, there was a failure to comply with MCL 780.653(b).[3] We would hope, therefore, that a reasonably trained officer would have found the affidavit deficient such that it would be unreasonable to believe that probable cause existed. Indeed, the concurrence voices agreement with the trial court's assessment that the officer's affidavit "*absolutely* [did] not establish the necessary probable cause to issue the search

---

[3] We do recognize that in *People v Hawkins*, 468 Mich 488, 513; 668 NW2d 602 (2003), our Supreme Court held that it could not "conclude, on the basis of the plain language of MCL 780.653, that the Legislature intended that noncompliance with its terms should result in suppression of evidence obtained by police acting in reasonable and good-faith reliance on a search warrant." In our view, this holding does not necessarily undermine our concern with the concurrence's proposition that an officer acts in good-faith reliance on a search warrant when the underlying affidavit is blatantly defective under MCL 780.653.

warrant." (Emphasis added.) We fail to see how the concurrence can reconcile this conclusion with its determination that a reasonably trained officer would have a belief to the contrary.

We affirm.

/s/ Jane E. Markey
/s/ Michael J. Kelly